EMMETT SNEED v. THE STATE.

No. 19755.  Delivered May 11, 1938.
Rehearing denied June 8, 1938.

The opinion states the case.

*Earl M. Greer,* of Wills Point, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of whisky in a dry area for the purpose of sale; the punishment, a fine of $125.00.

The record is before us without a statement of facts.

Appellant brings forward three bills of exception which were filed in the court below on February 28, 1938. In the order over-

ruling the motion for new trial there is no mention of any grant of time for the filing of bills of exception. In the absence of an order of the trial judge directing otherwise, our statute fixes the limit of time for filing bills of exception at thirty days after the adjournment of the trial term. The trial term of the court ended on January 1, 1938. Manifestly, the bills of exception were filed too late for our consideration. On the 21st of February, 1938, which was more than thirty days after the date of adjournment of the trial term, the trial judge made an order attempting to extend the time for filing the bills of exception. Under the circumstances, the court had no power to make an extending order. Article 760, C. C. P.; Kennedy v. State, 47 S. W. (2d) 315.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant's bills of exception were not considered by us originally because of their being filed too late under the orders appearing in the record. We find the record in the same condition at this time, and we see nothing for us to review. We think our views expressed originally were correct, and this motion is overruled.